**IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**

**Case No. ______**

---

**In re JEFFREY WILLIAM PAUL,**

**Movant.**

---

# APPLICATION TO FILE SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2244 AND 28 U.S.C. § 2255(h)

---

**CAPITAL § 2255 PROCEEDINGS**

Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender
Office for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

May 26, 2020

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... i
TABLE OF AUTHORITIES .......... ii
INTRODUCTION .......... 1
PROCEDURAL HISTORY .......... 2
ARGUMENT .......... 4
I. PURSUANT TO *DAVIS*, § 924(C)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE. .......... 4
II. MR. PAUL'S § 924(C) CONVICTION CANNOT BE UPHELD BECAUSE THE "ROBBERY" INVOKED IN CONNECTION WITH THIS CONVICTION IS NOT A CRIME OF VIOLENCE UNDER THE FORCE CLAUSE. .......... 6
A. Definition of the Force Clause. .......... 6
B. Mr. Paul's Predicate Offense Does Not Satisfy the Force Clause. .......... 9
C. Mr. Paul's Predicate Conviction Cannot Be Sustained even if the Modified Categorical Approach Is Applied. .......... 13
III. MR. PAUL'S APPLICATION TO FILE A SUCCESSOR PETITION SHOULD BE GRANTED. .......... 16
A. Mr. Paul's Motion Satisfies 18 U.S.C. § 2255(h)(2). .......... 16
B. Mr. Paul's Motion Is Timely. .......... 19
CONCLUSION .......... 20

## TABLE OF AUTHORITIES

**Federal Cases**

*Chaidez v. United States*, 568 U.S. 342 (2013) .................................................... 17

*Descamps v. United States*, 570 U.S. 254 (2013) .............................................6, 10

*Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016) .................................... 17

*Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019) ........................................ 15

*Flores-Lopez v. Holder*, 685 F.3d 857 (9th Cir. 2012) ................................... 14-15

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ......................................... *passim*

*Kidd v. United States*, 929 F.3d 578 (8th Cir. 2019) ............................................ 15

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ............................................................... 7-8

*Mathis v. United States*, 136 S. Ct. 2243 (2016) ........................................... 10, 11

*McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) ........................................................ 4

*Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) ................................................ 18

*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015) ............................................. 7, 14, 16

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) .......................................................... 5

*Stokeling v. United States*, 139 S. Ct. 544 (2019) .................................................. 7

*Taylor v. United States*, 926 F.3d 939 (8th Cir. 2019) ......................................... 11

*Teague v. Lane*, 489 U.S. 288 (1989) ................................................................... 17

*Tyler v. Cain*, 533 U.S. 656 (2001) ................................................................ 16, 17

*United States v. Bong*, 913 F.3d 1252 (10th Cir. 2019) ....................................... 12

*United States v. Castro-Vazquez*, 802 F.3d 28 (1st Cir. 2015) ............................. 12

*United States v. Davis*, 139 S. Ct. 2319 (2019) .............................................. *passim*

*United States v. Miranda-Ortegon*, 670 F.3d 661 (5th Cir. 2012) ........................ 15

*United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016) ........................................ 12

*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) .............................................. 3

*United States v. Paul*, 534 F.3d 832 (8th Cir. 2008) .............................................. 3

*United States v. Peppers*, 899 F.3d 211 (3d Cir. 2018) ........................................ 12

*United States v. Prickett*, 830 F.3d 760 (8th Cir. 2016) ....................................... 17



Appellate Case: 20-2042 Page: 3 Date Filed: 05/26/2020 Entry ID: 4916720

*United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) ........................................ 17
*United States v. Shelby*, 939 F.3d 975 (9th Cir. 2019) ......................................... 12
*United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) ....................................... 14
*United States v. Smith*, 928 F.3d 714 (8th Cir. 2019) ........................................... 11
*United States v. Torres-Villalobos*, 487 F.3d 607 (8th Cir. 2007) ........................ 8-9
*Welch v. United States*, 136 S. Ct. 1257 (2016) .............................................. 18, 19
*Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015) ........................................ 17

**Federal Statutes**

18 U.S.C. § 2 ........................................................................................... 2
18 U.S.C. § 16 ...................................................................................... 5, 8
18 U.S.C. § 924 ................................................................................ *passim*
18 U.S.C. § 1111 ...................................................................................... 2
28 U.S.C. § 2241 ...................................................................................... 3
28 U.S.C. § 2244 ...................................................................................... 1
28 U.S.C. § 2255 .............................................................................. *passim*

Jeffrey William Paul, through counsel, respectfully moves for an order authorizing the United States District Court for the Western District of Arkansas to consider a successive motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255(h)(2), and Local Rule 22(b).

## INTRODUCTION

This Court may authorize a second or successive motion under 28 U.S.C. § 2255 if the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2). Mr. Paul's proposed second § 2255 motion (attached as Exh. A) satisfies all of these requirements.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act's (ACCA's) definition of a crime of violence (18 U.S.C. § 924(e)) violated the due process clause. Noting that the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious potential risk of injury," the *Johnson* court found § 924(e) to be void for vagueness. *Johnson*, 135 S. Ct. at 2557 (citation omitted). In the wake of *Johnson*, Mr. Paul filed an application for a successive § 2255 motion challenging his conviction under 18 U.S.C. § 924(c)(3)(B), which – like

§ 924(e) – also required courts to apply the ordinary case analysis to an assessment of risk in order to determine if an offense is a crime of violence. Consistent with this Court's then-existing precedent that *Johnson* did not apply to § 924(c), Mr. Paul's motion was denied.

Four years later, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court of the United States held that the definition of "crime of violence" contained in § 924(c), was void for vagueness. Post-*Davis*, Mr. Paul's conviction under § 924(c) cannot be upheld. For a § 924(c) conviction to be established, the defendant must have used a firearm in a predicate offense that constitutes a crime of violence under either § 924(c)(3)(B)'s "residual clause" or § 924(c)(3)(A)'s "force clause." As the residual clause is void for vagueness under *Davis* and the robbery offense used as a predicate in this case does not satisfy the force clause, Mr. Paul's claim falls within the scope of § 2255(h)(2) and his application should be granted.

## PROCEDURAL HISTORY

Mr. Paul is a death-sentenced inmate currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). After a jury trial, he was convicted of aiding and abetting another in a homicide and for knowing use of a firearm in relation to a crime of violence under 18 U.S.C. §§ 2, 1111(a), and 924 in

the United States District Court for the Western District of Arkansas in connection with the shooting death of Sherman Williams ("decedent") on June 23, 1997. After a contested penalty phase before the same jury, Mr. Paul was sentenced to death on June 25, 1997. His conviction and sentence were affirmed on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000). Mr. Paul filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255 in the Western District of Arkansas, which was denied. Dkt. No. 322, *Paul v. United States*, 96-CR-60022 (W.D. Ark. Jan. 31, 2005). Mr. Paul filed a motion to reconsider or, in the alternative, vacate the dismissal of his § 2255 motion, which was denied on June 27, 2005. Dkt. No. 333, *Paul v. United States*, 96-CR-20022 (W.D. Ark. June 27, 2005). The denial of Mr. Paul's § 2255 motion was affirmed on appeal. *See United States v. Paul*, 534 F.3d 832 (8th Cir. 2008) (cert. denied Oct. 5, 2009).

Mr. Paul is currently litigating a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana which challenges, inter alia, the constitutionality of Mr. Paul's conviction under 18 U.S.C. § 924(c) and his death sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. Nos. 103, 194, and 234, *Paul v. Superintendent*, 13-CV-304 (S.D. Ind.). Briefing has been completed and Mr. Paul's counseled petition is pending.



Appellate Case: 20-2042 Page: 7 Date Filed: 05/26/2020 Entry ID: 4916720

On May 25, 2016, Mr. Paul filed an Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 before this Court based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] On August 5, 2016, this Court denied the application to file a successor. *See* Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255, *Paul v. United States*, 16-2330 (8th Cir. Aug. 5, 2016). Following the Supreme Court's announcement of a new constitutional rule in *Davis*, Mr. Paul once again seeks authorization to file a successive motion under 28 U.S.C. §2255.

## ARGUMENT

### I. PURSUANT TO *DAVIS*, § 924(C)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.

Section 924(c) criminalizes the use of a firearm in a crime of violence. To qualify as a crime of violence, the underlying offense must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." The

[1] Mr. Paul also filed, on May 14, 2019, an application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 based on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *See* Application for Permission to File Successive Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255, *In re Jeffrey Paul*, No. 19-1994 (8th Cir. May 14, 2019). This Court denied Mr. Paul's 2018 request on June 21, 2018. *See* Judgment, *In re Jeffrey Paul*, No. 19-1994 (8th Cir. June 21, 2019). Mr. Paul has also filed numerous pro se submissions unrelated to the issue presented in the instant application.



Appellate Case: 20-2042 Page: 8 Date Filed: 05/26/2020 Entry ID: 4916720

residual clause is satisfied if the predicate offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). *Johnson*, followed by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), invalidated similarly-worded residual clauses contained in § 924(e) (the Armed Career Criminal Act ("ACCA")) and 18 U.S.C. § 16(b) (an immigration statute), respectively, because the relevant sections required reviewing courts to assess risk of injury based on the type of conduct involved in the "ordinary case" of the predicate crime. *Johnson*, 1325 S. Ct. at 2563; *Dimaya*, 138 S. Ct. at 1223.

In 2019, the Supreme Court ruled in *Davis* that the two defects discussed in *Johnson* rendered a statute void for vagueness *whenever* they were present and that the residual clause of § 924(c)(3)(B) was void for vagueness. *Davis*, 139 S. Ct. at 2323-24, 2326-27. Accordingly, Mr. Paul's § 924(c) conviction cannot be upheld under the residual clause.



Appellate Case: 20-2042 Page: 9 Date Filed: 05/26/2020 Entry ID: 4916720

## II. MR. PAUL'S § 924(C) CONVICTION CANNOT BE UPHELD BECAUSE THE "ROBBERY" INVOKED IN CONNECTION WITH THIS CONVICTION IS NOT A CRIME OF VIOLENCE UNDER THE FORCE CLAUSE.

Because of *Davis*, Mr. Paul's § 924(c) conviction can only be sustained if the force clause has been met. As set forth below, Mr. Paul's conviction must be overturned because the predicate offense is not a crime of violence as defined by the force clause.

### A. Definition of the Force Clause.

Section 924(c)'s "force clause" defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another … ." 18 U.S.C. § 924(c)(3)(A). To determine whether a predicate offense qualifies as a crime of violence under § 924(c), reviewing courts must use the categorical approach. *Decamps v. United States*, 570 U.S. 254, 260-65 (2013); *Davis*, 139 S. Ct. at 2328 (re-affirming that the categorical approach must be used to interpret § 924(c)). This approach requires that courts "look only to the statutory definitions – i.e. the elements – of a defendant's [offense] and not the particular facts underlying [the offense] in (citation omitted). The categorical approach focuses "on the elements, rather than the facts, of a crime," because "the only facts the court can be sure the jury …

found are those constituting elements of the offense." *Id.* at 263, 269-70. Because courts are only concerned with what an offense necessarily involves, courts must presume that the predicate offense "rested upon nothing more than the least of the acts criminalized" by the statute in question. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations omitted) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013). Thus, if the most innocent conduct penalized by a statute does not have an element of "physical force," the statute categorically fails to qualify as a crime of violence.

To satisfy the force clause under the categorical approach, the offense in question must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The level of force in question must be "*violent* force – i.e. force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010); *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019) (re-affirming that force means "force capable of causing physical pain and injury").

This violent force must be intentional, not merely accidental or negligent. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (use of force under § 16 requires "a higher *mens rea* than merely accidental or negligent conduct" and that "[t]he 'use … of



Appellate Case: 20-2042 Page: 11 Date Filed: 05/26/2020 Entry ID: 4916720

physical force against the person or property of another' – most naturally suggests a higher degree of intent than negligent or merely accidental conduct") (quoting § 16).[2]

This Court has also found the *Leocal mens rea* requirement to preclude a number of offenses criminalizing reckless conduct from being categorized as crimes of violence. *See United States v. Torres-Villalobos*, 487 F.3d 607, 616-17 (8th Cir. 2007) (Minnesota manslaughter statute criminalizing reckless use of force found not to be a crime of violence under 18 U.S.C § 16(a); *United States v. Ossana*, 638 F.3d 895, 903 (8th Cir. 2011) (same for injury resulting from reckless driving). Although, citing *Viosine v. United States*, 136 S. Ct. 2272 (2016), this Court held that recklessly discharging a firearm "at or toward a person" constituted a crime of violence under ACCA in *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016), *Fogg* was limited to the reckless discharge of a firearm and *Viosine* was limited to 18 U.S.C. § 921(a)(33)(A)(g)(9) (defining misdemeanor crimes of domestic violence). *See United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir.

---

[2] *Leocal* addressed the force clause of § 16(a), but is applicable here as § 16(a) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," which is identical to the force clause of § 924(c)(3)(A).

2017). The *Fields* court further held that a Missouri assault statute that included "[r]ecklessly caus[ing] serious physical injury to another person …" did not constitute a crime of violence under the force clause of the sentencing guidelines because it did not exclude causing injury by reckless driving. *Id.* at 1014-15. *See also*, *United States v. Schneider*, 905 F.3d 1088, 1092 (8th Cir. 2018) (same for North Dakota assault statute); *United States v. Harris*, 907 F.3d 1095, 1096 (8th Cir. 2018) (same for Missouri domestic assault statute). Thus, Mr. Paul's predicate offense can only be a crime of violence if it requires the intentional use, threatened use, or attempted use of violent force.

**B. Mr. Paul's Predicate Offense Does Not Satisfy the Force Clause.**

The force clause cannot be met because the Government failed to identify any robbery statute upon which the § 924(c) charge was based.[3] Because the "robbery" which constituted the predicate offense for Mr. Paul's § 924(c) conviction does not implicate a robbery statute, there are no statutory elements to consider and Mr. Paul's 924(c) conviction cannot be sustained under the force clause as the Government cannot establish that Mr. Paul's conviction required the

[3] *See* Superseding Indictment, *United States v. Paul*, 96-CR-60022 (W. D. Ark., Dec. 4, 1996) (attached as Exh. B).

use of violent force or that the use of force required the requisite level of *mens rea*.

Although the Supreme Court has also authorized courts to "consult a limited class of documents, such as indictments and jury instructions," under the modified categorical approach to determine if a predicate offense is a crime of violence, the Court has confined the use of these documents to divisible statutes. *Descamps,* 570 U.S. at 257-58. A statute is divisible when it "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile." *Id.* at 257. Statutes of this type should not be confused with offenses that define alternative ways of satisfying the same element, which are not divisible and where review of supplemental documents is not permissible. *Mathis v. United States*, 136 S. Ct. 2243, 2253-54 (2016). Divisible statutes and indivisible statutes containing alternate ways of satisfying the same element are differentiated based on what is needed for a conviction: if the factfinder must agree on one of the alternatives, then the statute is divisible; if no agreement is necessary, then the statute is not divisible and it is merely setting out alternative ways of satisfying the same element. *Id.* at 2250-54.

Here, as Mr. Paul was not charged with using a firearm to violate any particular statute, there is no indication that he was charged under a divisible offense. As a result, *Descamps* and *Mathis* prohibit the consideration of additional



Appellate Case: 20-2042 Page: 14 Date Filed: 05/26/2020 Entry ID: 4916720

documents such as jury instructions for a categorical analysis and the force clause cannot be met.

That the indictment invoked a "robbery" does not satisfy the force clause either as robbery offenses can easily be committed without the intentional use of violent force. In *Stokeling*, the Supreme Court found a Florida robbery statute to be a crime of violence specifically because it excluded such lesser uses of force during a robbery as the "mere snatching of property," and shunted those offenses into a separate, lesser robbery statute. *Id.* (citing Fla. Stat. § 812.131 (1999) which codifies "robbery by sudden snatching"). Consistent with *Stokeling*, this Court has found robbery statutes to be crimes of violence only because they require force necessary to overcome resistance and exclude robberies involving the mere snatching of property. *See, e.g.*, *Taylor v. United States*, 926 F.3d 939 (8th Cir. 2019) (Missouri's simple robbery statute found to be a crime of violence because it must use enough force to overcome resistance and the "mere snatching" of property does not satisfy the statute); *United States v. Smith*, 928 F.3d 714 (8th Cir. 2019) (same for Arkansas robbery statute).

There are other robbery statutes, in addition to the lesser Florida robbery statute cited in *Stokeling*, that include conduct that does not constitute violent force. For example, the Ninth Circuit found that a Massachusetts armed robbery

statute did not satisfy the force clause because, under that statute, the "degree of force [was] immaterial so long as the victim [was] aware of it." *United States v. Parnell*, 818 F.3d 974, 981 (9th Cir. 2016). *See also*, *United States v. Bong*, 913 F.3d 1252, 1266 (10th Cir. 2019) (Kansas aggravated robbery statute was not a crime of violence under ACCA because it included crimes such as purse snatchings that did not involve violent force); *United States v. Shelby*, 939 F.3d 975, 979 (9th Cir. 2019) (Oregon third-degree robbery statute is not a crime of violence because it did not require physically violent force); *United States v. Peppers*, 899 F.3d 211, 233-34 (3d Cir. 2018) (Pennsylvania's third degree felony robbery statute is not a crime of violence because it did not require physically violent force); *United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (remanding case to district court because Puerto Rico's robbery statute appears not to constitute a crime of violence as its two divisible elements could be satisfied by "the slightest use of force" or "mere moral or psychological pressure," neither of which met the threshold of force under *Johnson (Curtis)*).

Accordingly, that the predicate offense was dubbed a "robbery" does not satisfy the force as robbery offenses do not require the use of violent force.

### C. Mr. Paul's Predicate Conviction Cannot Be Sustained even if the Modified Categorical Approach Is Applied.

Even assuming, *arguendo*, that it would be appropriate to consider the limited class of materials discussed above such as jury instructions, these instructions would still not satisfy the force clause. The trial court defined robbery to the jury was follows:

> The crime of robbery has three essential elements which are:
>
> One; that Sherman Williams had in his possession or on his person or presence anything of value.
>
> Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and
>
> Three; that the taking occurred within the boundaries of the Hot Springs National Park.

Tr. 6/20/97 at 845 (attached as Exh. C). Thus, the "robbery" considered by the jury could be committed by force *or* violence, and the instructions did not define either term. They do not satisfy, as *Stokeling* requires, that the force be sufficient to overcome the resistance of another or that a mere snatching of property be excluded from this definition. As these instructions did not require the jury to find "force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140, in order to find that the "robbery" has been established, they do not satisfy § 924(c)'s force clause.

The instructions also failed to meet the force clause's required level of *mens rea*. The above instructions do not exclude force or violence that has been negligently, accidentally, or recklessly applied. Furthermore, as in *Fields*, *Harris*, and *Schneider*, these instructions do not exclude force or violence incurred by reckless driving. Thus, even if "force or violence" had been defined to include violent force (and it was not), then the jury instructions would still be insufficient to support the conviction because they lacked a *mens rea* instruction.

Even when defendants have been charged and convicted of statutorily defined offenses – as opposed to the judge-defined offense set forth in Mr. Paul's trial – courts have repeatedly held that offenses requiring "force or violence" do not satisfy the force clause. *See, e.g., Ortiz*, 796 F.3d at 935 (Minnesota statute for obstructing legal process "by force or violence" did not qualify as a crime of violence under 18 U.S.C. § 16 because "the minimum degree of force necessary to sustain a conviction . . . does not necessarily involve force capable of inflicting pain or causing injury to another."); *United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011) (Oklahoma battery law requiring "force or violence" not crime of violence under ACCA's force clause because "mere offensive touching satisfies the requirement for force in a battery"); *Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012) ("force or violence" element in California's battery statute and



Appellate Case: 20-2042 Page: 18 Date Filed: 05/26/2020 Entry ID: 4916720

resisting an executive officer statute "is broader than the term 'physical force' in 18 U.S.C. § 16" and therefore not a crime of violence under the force clause); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("use of 'force or violence'" element of Oklahoma's assault and battery domestic violence statute does not make it a crime of violence under sentencing guidelines because "only the slightest touching is necessary to constitute the force or violence element of battery").

That this Court has found "force or violence or intimidation" to satisfy the force clause in the context of armed robbery of a controlled substance, *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019), does not undermine the validity of Mr. Paul's argument. Crime of violence determinations are based on the language of the statute and the precedent interpreting it. This Court made its crime-of-violence finding in *Kidd* in the context of past judicial analyses that were particular to that statute. *Id.* (relying on precedent to determine that intimidation necessarily meant the threatened infliction of force under federal armed robbery of a controlled substance); *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019) (same for federal bank robbery and carjacking). As *Stokeling*, *Parnell*, *Bong*, *Shelby*, and *Castro-Vasquez*, demonstrate, when the language of the statute or past judicial analyses defining that language leave room for conduct that does

not include the use of violent force with the requisite *mens rea*, the force clause has not been met. Here, there is no statute and no past judicial analyses for the "robbery" that constituted the predicate offense. As force clause determinations are based on "nothing more than the least of the acts criminalized" by the statute in question, *Ortiz*, 796 F.3d at 935, even if the jury instructions are considered, the requirements of the force clause have not been met.

## III. MR. PAUL'S APPLICATION TO FILE A SUCCESSOR PETITION SHOULD BE GRANTED.

### A. Mr. Paul's Motion Satisfies 18 U.S.C. § 2255(h)(2).

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to file a successive § 2255 motion if it "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Where, as here, the Supreme Court has not expressly ruled on the retroactivity of the new rule, § 2255(h)(2) is satisfied if the Supreme Court's holdings in multiple cases must "necessarily dictate the retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001). A federal prisoner need only make a *prima facie* showing that the motion to be filed is based on a previously unavailable rule of constitutional law that has been made retroactive by the

Supreme Court to cases on collateral review. *Tyler*, 533 U.S. at 662. To meet this standard, he must make "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. *Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Mr. Paul has satisfied this standard. For the reasons set forth in Sections I-II, *supra*, Mr. Paul has shown that the residual clause of his § 924(c) conviction is unconstitutionally vague based on *Davis* and that this conviction cannot be otherwise supported by the force clause.

Additionally, *Davis* announced a new rule of constitutional law. "[A] case announces a new rule if the result *was not dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis added). A result is not dictated "unless it would have been apparent to all reasonable jurists." *Chaidez v. United States*, 568 U.S. 342, 347 (2013). Before *Davis*, that § 924(c)'s residual clause was unconstitutionally vague was not "apparent to all reasonable jurists." *Id.* Indeed, *United States v. Prickett*, 830 F.3d 760 (8th Cir. 2016) (*Prickett-I)* and *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016), both held that § 924(c)(3)(B) was not unconstitutionally vague. In *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (*Prickett-II*), this Court held that *Johnson* did not apply to § 924(c)(3)(B) because several factors

distinguished § 924(c) from ACCA's residual clause. *Id.* at 699. Until *Davis* was issued, the precedent established by *Donnell*, *Prickett-I*, and *Prickett-II* remained in effect.

Although the Supreme Court has not expressly ruled on *Davis's* retroactivity, the Supreme Court's holdings in other cases "necessarily dictate the retroactivity," *Tyler*, *supra*, at 666, of *Davis*. The Supreme Court has identified "new substantive rules" as a category of rules that are retroactively applied. *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). Substantive rules either "forbid[] criminal punishment of a certain type of primary conduct" or "prohibit[] a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016). Here, as the *Davis* court observed, § 924(c)'s residual clause encompasses a broader spectrum of behavior than the force clause, encompassing offenses "that do not have violence as an *element* but arguably create a substantial *risk* of violence." *Davis*, 139 S. Ct. at 2334. Because *Davis* invalidated § 924(c)'s broader residual clause, it forbid criminal punishment of certain primary conduct, and thus, is retroactive.

The Supreme Court's analysis of *Johnson*'s retroactivity in *Welch* confirms that *Davis* is retroactive. There, because *Johnson* invalidated the residual clause of ACCA and narrowed the scope of conduct punished by that statute, the Supreme



Appellate Case: 20-2042 Page: 22 Date Filed: 05/26/2020 Entry ID: 4916720

Court held that "[i]t is undisputed that *Johnson* announced a new rule," that this rule was one of substantive constitutional law, and that it has "retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1264-65, 1268. As noted above, *Johnson* and *Davis* put forth analogous rulings for the residual clauses of ACCA and 924(c), respectively. As the Supreme Court found *Johnson* to be retroactive, it necessarily follows that *Davis* is retroactive as well.

Even assuming, *arguendo*, that *Davis* is not a new retroactively applied rule Mr. Paul has still met the standard of § 2255(h). In 2016, Mr. Paul requested permission to file a successor motion file a successive motion under 28 U.S.C. § 2255 based on *Johnson*. Consistent with this Court's then-current precedent, Mr. Paul's 2016 application to file a successive § 2255 motion under *Johnson* was denied. As noted above, that precedent precluded any successive challenge to a § 924(c) conviction based on *Johnson* until *Davis* was issued. So, even if *Davis* did not establish a new retroactive rule, it would still satisfy § 2255(h)(2) as *Johnson* – which was retroactive – was "previously unavailable" under § 2255(h)(2) to Mr. Paul until *Davis* was issued.

**B. Mr. Paul's Motion Is Timely.**

This motion is timely under 28 U.S.C. 2255(f)(3), which provides for a one-year statute of limitations to run from "the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Davis* on June 24, 2019, and Mr. Paul has file this application within a year of that date.

**CONCLUSION**

WHEREFORE, because Mr. Paul has presented a *prima facie* claim that the requirements of 28 U.S.C. §§ 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file a successive § 2255 motion in the District Court.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender
Office for Eastern District of
Pennsylvania 601 Walnut Street,
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Jeffrey Paul

Dated: May 26, 2020

## CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that on this 26th day of May, 2020, I submitted the foregoing document for service via first class mail:

Jeffrey Bradford Kahan
U.S. Department of Justice, Criminal Division
Capital Case Section
1331 F Street, NW, 6th Floor
Washington, DC 20530

/s/ Peter Williams
Peter Williams

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAM PAUL, | : | CRIMINAL ACTION |
| Petitioner, | : | |
| v. | : | 6:96-cr-60022-TLB |
| | : | **CAPITAL CASE** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**SECOND OR SUCCESSIVE MOTION TO VACATE CONVICTION AND SENTENCE UNDER 18 U.S.C. § 2255**

Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender Office for
the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

May 26, 2020

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... i
INTRODUCTION .......... 1
PROCEDURAL HISTORY .......... 2
ARGUMENT. .......... 3
I. PURSUANT TO *DAVIS*, § 924(C)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE. .......... 3
II. MR. PAUL's § 924(C) CONVICTION CANNOT BE UPHELD BECAUSE THE "ROBBERY" INVOKED IN CONNECTION WITH THE § 924(C) CONVICTION IS NOT A CRIME OF VIOLENCE UNDER THE FORCE CLAUSE. .......... 4
A. Definition of the Force Clause. .......... 4
B. Mr. Paul's Predicate Offense Does Not Satisfy the Force Clause. .......... 6
C. Mr. Paul's Predicate Conviction Cannot Be Sustained even if the Modified Categorical Approach Is Applied. .......... 8
III. MR. PAUL'S INVALID § 924 CONVICTION REQUIRES THAT HIS DEATH SENTENCE BE VACATED AND THAT HE BE RESENTENCED ON THE §1111(A) CONVICTION. .......... 11
IV. MR. PAUL'S SATISFIES THE REQUIREMENTS OF 18 U.S.C. § 2255(H)(2) AND HIS § 2255 MOTION IS TIMELY. .......... 13
A. Mr. Paul's Motion Satisfies 18 U.S.C. § 2255(h)(2). .......... 13
B. Mr. Paul's Motion Is Timely. .......... 15
REQUEST FOR RELIEF .......... 16

## INTRODUCTION

Jeffrey William Paul, a death sentenced prisoner in the custody of the United States, respectfully moves this Court to vacate his conviction and death sentence under 18 U.S.C. §§ 924(c) and (i)(1), subsequently redesignated as § 924(j)(1), as the conviction and sentence are invalid in the wake of *United States v. Davis*, 139 S. Ct. 2319 (2019).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act's (ACCA's) definition of a crime of violence (18 U.S.C. § 924(e)) violated the due process clause. Noting that the residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious potential risk of injury," the *Johnson* court found § 924(e) to be void for vagueness. *Johnson*, 135 S. Ct. at 2557 (citation omitted). In the wake of *Johnson*, Mr. Paul filed an application for a successive § 2255 motion challenging his conviction under 18 U.S.C. § 924(c)(3)(B), which – like § 924(e) – also required courts to apply the ordinary case analysis to an assessment of risk in order to determine if an offense is a crime of violence. Consistent with the United States Court of Appeals for the Eighth Circuit's then-existing precedent that *Johnson* did not apply to § 924(c), Mr. Paul's motion was denied.

Four years later, in *Davis*, 139 S. Ct. 2319, the Supreme Court of the United States held that the definition of "crime of violence" contained in § 924(c), was void for vagueness. Post-*Davis*, Mr. Paul's conviction under § 924(c) cannot be upheld. For a § 924(c) conviction to be established, the defendant must have used a firearm in a predicate offense that constitutes a crime of violence under either § 924(c)(3)(B)'s "residual clause" or § 924(c)(3)(A)'s "force clause." As the residual clause is void for vagueness under *Davis* and the robbery used as a predicate offense in this case does not satisfy the force clause, Mr. Paul's conviction under § 924(c) is invalid and should be vacated.

*Davis* also entitles Mr. Paul to a new capital sentencing. Because Mr. Paul's death sentence was based on the § 924(c) conviction, his death sentence is also invalid. It should be vacated and a new sentencing should be ordered on the remaining charge.

## PROCEDURAL HISTORY

Mr. Paul is a death-sentenced inmate currently incarcerated at the United States Penitentiary at Terre Haute ("USP-Terre Haute"). After a jury trial, he was convicted of aiding and abetting another in a homicide and for knowing use of a firearm in relation to a crime of violence under 18 U.S.C. §§ 2, 1111(a), and 924 in the United States District Court for the Western District of Arkansas in connection with the shooting death of Sherman Williams ("decedent") on June 23, 1997. After a contested penalty phase before the same jury, Mr. Paul was sentenced to death on June 25, 1997. His conviction and sentence were affirmed on appeal. *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000). Mr. Paul filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255 in the Western District of Arkansas, which was denied. Dkt. No. 322, *Paul v. United States*, 96-CR-60022 (W.D. Ark. Jan. 31, 2005). Mr. Paul filed a motion to reconsider or, in the alternative, vacate the dismissal of his § 2255 motion, which was denied on June 27, 2005. Dkt. No. 333, *Paul v. United States*, 96-CR-20022 (W.D. Ark. June 27, 2005). The denial of Mr. Paul's § 2255 motion was affirmed on appeal. *See United States v. Paul*, 534 F.3d 832 (8th Cir. 2008) (cert. denied Oct. 5, 2009).

Mr. Paul is currently litigating a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana which challenges, inter alia, the constitutionality of Mr. Paul's conviction under 18 U.S.C. § 924(c) and his death sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. Nos. 103, 194, and 234, *Paul v. Superintendent*, 13-CV-304 (S.D. Ind.). Briefing has been completed and Mr. Paul's habeas petition is pending.

On May 25, 2016, Mr. Paul filed an Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 before the Eighth Circuit based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] On August 5, 2016, the Eighth Circuit denied the application to file a successor. *See* Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255, *Paul v. United States*, 16-2330 (8th Cir. Aug. 5, 2016). Following the Supreme Court's announcement of a new constitutional rule in *Davis*, Mr. Paul once again seeks authorization to file a successive motion under 28 U.S.C. §2255.

## ARGUMENT

### I. PURSUANT TO *DAVIS*, § 924(C)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.

Section 924(c) criminalizes the use of a firearm in a crime of violence. To qualify as a crime of violence, the underlying offense must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause." The residual clause is satisfied if the predicate offense "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). *Johnson*, followed by *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), invalidated similarly-worded residual clauses contained in § 924(e) (the Armed Career Criminal Act ("ACCA")) and 18 U.S.C. § 16(b) (an immigration statute), respectively, because the relevant sections required reviewing courts to assess risk of injury based on the type of conduct involved in the "ordinary case" of the predicate crime. *Johnson*, 1325 S. Ct. at 2563; *Dimaya*, 138 S. Ct. at 1223.

---

[1] Mr. Paul also filed, on May 14, 2019, an application for Authorization to File a Successive Motion under 28 U.S.C. § 2255 relating to *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). *See* Application for Permission to File Successive Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255, *In re Jeffrey Paul*, No. 19-1994 (8th Cir. May 14, 2019). The Eighth Circuit denied Mr. Paul's 2018 request on June 21, 2018. *See* Judgment, No. 19-1994 (8th Cir. June 21, 2019). Mr. Paul has also filed numerous *pro se* submissions unrelated to the issue presented in the instant application.



Appellate Case: 20-2042 Page: 31 Date Filed: 05/26/2020 Entry ID: 4916720

In 2019, the Supreme Court ruled in *Davis* that the two defects discussed in *Johnson* rendered a statute void for vagueness *whenever* they were present and that the residual clause of § 924(c)(3)(B) was void for vagueness. *Davis*, 139 S. Ct. at 2323-24, 2326-27. Accordingly, Mr. Paul's § 924(c) conviction cannot be upheld under the residual clause.

## II. MR. PAUL'S § 924(C) CONVICTION CANNOT BE UPHELD BECAUSE THE "ROBBERY" INVOKED IN CONNECTION WITH THE § 924(C) CONVICTION IS NOT A CRIME OF VIOLENCE UNDER THE FORCE CLAUSE.

Because of *Davis*, Mr. Paul's § 924(c) conviction can only be sustained if the force clause has been met. As set forth below, Mr. Paul's conviction must be overturned because the predicate offense is not a crime of violence as defined by the force clause.

### A. Definition of the Force Clause.

Section 924(c)'s "force clause" defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A). To determine whether a predicate offense qualifies as a crime of violence under § 924(c), reviewing courts must use the categorical approach. *Decamps v. United States*, 570 U.S. 254, 260-65 (2013); *Davis*, 139 S. Ct. at 2328 (re-affirming that the categorical approach must be used to interpret § 924(c)). This approach requires that courts "look only to the statutory definitions – i.e. the elements – of a defendant's [offense] and not the particular facts underlying [the offense] in (citation omitted). The categorical approach focuses "on the elements, rather than the facts, of a crime," because "the only facts the court can be sure the jury … found are those constituting elements of the offense." *Id.* at 263, 269-70. Because courts are only concerned with what an offense necessarily involves, courts must presume that the predicate offense "rested upon nothing more than the least of the acts criminalized" by the statute in question. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations omitted) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013). Thus, if the most innocent conduct penalized

by a statute does not have an element of "physical force," the statute categorically fails to qualify as a crime of violence.

To satisfy the force clause under the categorical approach, the offense in question must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The level of force in question must be "*violent* force – i.e. force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original); *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019) (re-affirming that force means "force capable of causing physical pain and injury").

This violent force must be intentional, not merely accidental or negligent. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (use of force under § 16 requires "a higher *mens rea* than merely accidental or negligent conduct" and that "[t]he 'use … of physical force against the person or property of another' – most naturally suggests a higher degree of intent than negligent or merely accidental conduct") (quoting § 16).[2]

The Eighth Circuit has also found the *Leocal mens rea* requirement to preclude a number of offenses criminalizing reckless conduct from being categorized as crimes of violence. *See United States v. Torres-Villalobos*, 487 F.3d 607, 616-17 (8th Cir. 2007) (Minnesota manslaughter statute criminalizing reckless use of force found not to be a crime of violence under 18 U.S.C § 16(a); *United States v. Ossana*, 638 F.3d 895, 903 (8th Cir. 2011) (same for injury resulting from reckless driving). Although, citing *Viosine v. United States*, 136 S. Ct. 2272 (2016), the Eighth Circuit held

[2] *Leocal* addressed the force clause of § 16(a), but is applicable here as § 16(a) defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," which is identical to the force clause of § 924(c)(3)(A).



Appellate Case: 20-2042 Page: 33 Date Filed: 05/26/2020 Entry ID: 4916720

that recklessly discharging a firearm "at or toward a person" constituted a crime of violence under ACCA in *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016), *Fogg* was limited to the reckless discharge of a firearm and *Viosine* was limited to 18 U.S.C. § 921(a)(33)(A)(g)(9) (defining misdemeanor crimes of domestic violence). *See United States v. Fields*, 863 F.3d 1012, 1015 (8th Cir. 2017). The *Fields* court further held that a Missouri assault statute that included "[r]ecklessly caus[ing] serious physical injury to another person …" did not constitute a crime of violence under the force clause of the sentencing guidelines because it did not exclude causing injury by reckless driving. *Id.* at 1014-15. *See also, United States v. Schneider*, 905 F.3d 1088, 1092 (8th Cir. 2018) (same for North Dakota assault statute); *United States v. Harris,* 907 F.3d 1095, 1096 (8th Cir. 2018) (same for Missouri domestic assault statute). Thus, Mr. Paul's predicate offense can only be a crime of violence under the force clause if it requires the intentional use, threatened use, or attempted use of violent force.

**B. Mr. Paul's Predicate Offense Does Not Satisfy the Force Clause.**

The force clause cannot be met because the Government failed to identify any robbery statute upon which the § 924(c) charge was based.[3] Because the "robbery" which constituted the predicate offense for Mr. Paul's § 924(c) conviction does not implicate a robbery statute, there are no statutory elements to consider and Mr. Paul's 924(c) conviction cannot be sustained under the force clause as the Government cannot establish that Mr. Paul's conviction required the use of violent force or that the use of force required the requisite level of *mens rea*.

Although the Supreme Court has also authorized courts to "consult a limited class of documents, such as indictments and jury instructions," under the modified categorical approach to determine if a predicate offense is a crime of violence, the Court has confined the use of these

[3] *See* Superseding Indictment, *United States v. Paul*, 96-CR-60022 (W.D. Ark., Dec. 4, 1996).

documents to divisible statutes. *Descamps*, 570 U.S. at 257-58. A statute is divisible when it "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile." *Id.* at 257. Statutes of this type should not be confused with offenses that define alternative ways of satisfying the same element, which are not divisible and where review of supplemental documents is not permissible. *Mathis v. United States*, 136 S. Ct. 2243, 2253-54 (2016). Divisible statutes and indivisible statutes containing alternate ways of satisfying the same element are differentiated based on what is needed for a conviction: if the factfinder must agree on one of the alternatives, then the statute is divisible; if no agreement is necessary, then the statute is not divisible and it is merely setting out alternative ways of satisfying the same element. *Id.* at 2250-54.

Here, as Mr. Paul was not charged with using a firearm to violate any particular statute, there is no indication that he was charged under a divisible offense. As a result, *Descamps* and *Mathis* prohibit the consideration of additional documents such as jury instructions for a categorical analysis and the force clause cannot be met.

That the indictment invoked a "robbery" does not satisfy the force clause either as robbery offenses can easily be committed without the intentional use of violent force. In *Stokeling*, the Supreme Court found a Florida robbery statute to be a crime of violence specifically because it excluded such lesser uses of force during a robbery as the "mere snatching of property," and shunted those offenses into a separate, lesser robbery statute. *Id.* (citing Fla. Stat. § 812.131 (1999) which codifies "robbery by sudden snatching"). Consistent with *Stokeling*, the Eighth Circuit has found robbery statutes to be crimes of violence only because they require force necessary to overcome resistance and exclude robberies involving the mere snatching of property. *See, e.g.*, *Taylor v. United States*, 926 F.3d 939 (8th Cir. 2019) (Missouri's simple robbery statute found to be a crime of violence because it must use enough force to overcome resistance and the "mere

snatching" of property does not satisfy the statute); *United States v. Smith*, 928 F.3d 714 (8th Cir. 2019) (same for Arkansas robbery statute).

There are other robbery statutes, in addition to the lesser Florida robbery statute cited in *Stokeling*, that include conduct that does not constitute violent force. For example, the Ninth Circuit found that a Massachusetts armed robbery statute did not satisfy the force clause because, under that statute, the "degree of force [was] immaterial so long as the victim [was] aware of it." *United States v. Parnell,* 818 F.3d 974, 981 (9th Cir. 2016). *See also*, *United States v. Bong*, 913 F.3d 1252, 1266 (10th Cir. 2019) (Kansas aggravated robbery statute was not a crime of violence under ACCA because it included crimes such as purse snatchings that did not involve violent force); *United States v. Shelby*, 939 F.3d 975, 979 (9th Cir. 2019) (Oregon third-degree robbery statute is not a crime of violence because it did not require physically violent force); *United States v. Peppers*, 899 F.3d 211, 233-34 (3d Cir. 2018) (Pennsylvania's third degree felony robbery statute is not a crime of violence because it did not require physically violent force); *United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (remanding case to district court because Puerto Rico's robbery statute appears not to constitute a crime of violence as its two divisible elements could be satisfied by "the slightest use of force" or "mere moral or psychological pressure," neither of which met the threshold of force under *Johnson (Curtis)*).

Accordingly, that the predicate offense was dubbed a "robbery" does not mean that it satisfies the force clause as robbery offenses do not require the use of violent force.

### C. Mr. Paul's Predicate Conviction Cannot Be Sustained even if the Modified Categorical Approach Is Applied.

Even assuming, *arguendo*, that it would be appropriate to consider the limited class of materials discussed above such as jury instructions, these instructions would still not satisfy the force clause. The trial court defined robbery to the jury was follows:

The crime of robbery has three essential elements which are:



Appellate Case: 20-2042 Page: 36 Date Filed: 05/26/2020 Entry ID: 4916720

> One; that Sherman Williams had in his possession or on his person or presence anything of value.
>
> Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and
>
> Three; that the taking occurred within the boundaries of the Hot Springs National Park.

Tr. 6/20/97 at 845. Thus, the "robbery" considered by the jury could be committed by force *or* violence, and the instructions did not define either term. They do not satisfy the requirement, as mandated by *Stokeling*, that the force be sufficient to overcome the resistance of another or that a mere snatching of property be excluded from this definition. As these instructions did not require the jury to find "force capable of causing physical pain or injury to another person," *Johnson (Curtis)*, 559 U.S. at 140, in order to find that the "robbery" has been established, they do not satisfy § 924(c)'s force clause.

The instructions also failed to meet the force clause's required level of *mens rea*. The above instructions do not exclude force or violence that has been negligently, accidentally, or recklessly applied. Furthermore, as in *Fields*, *Harris*, and *Schneider*, these instructions do not exclude force or violence incurred by reckless driving. Thus, even if "force or violence" had been defined to include violent force (and it was not), then the jury instructions would still be insufficient to support the conviction because they lacked a *mens rea* instruction.

Even when defendants have been charged and convicted of statutorily defined offenses – as opposed to the judge-defined offense set forth in Mr. Paul's trial – courts have repeatedly held that offenses requiring "force or violence" do not satisfy the force clause. *See, e.g., Ortiz*, 796 F.3d at 935 (Minnesota statute for obstructing legal process "by force or violence" did not qualify as a crime of violence under 18 U.S.C. § 16 because "the minimum degree of force necessary to sustain a conviction . . . does not necessarily involve force capable of inflicting pain or causing injury to another."); *United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011) (Oklahoma battery law



Appellate Case: 20-2042 Page: 37 Date Filed: 05/26/2020 Entry ID: 4916720

requiring "force or violence" not crime of violence under ACCA's force clause because "mere offensive touching satisfies the requirement for force in a battery"); *Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012) ("force or violence" element in California's battery statute and resisting an executive officer statute "is broader than the term 'physical force' in 18 U.S.C. § 16" and therefore not a crime of violence under the force clause); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) ("use of 'force or violence'" element of Oklahoma's assault and battery domestic violence statute does not make it a crime of violence under sentencing guidelines because "only the slightest touching is necessary to constitute the force or violence element of battery").

That the Eighth Circuit has found "force or violence or intimidation" to satisfy the force clause in the context of armed robbery of a controlled substance, *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019), does not undermine the validity of Mr. Paul's argument. Crime of violence determinations are based on the language of the statute and the precedent interpreting it. The Eighth Circuit made its crime-of-violence finding in *Kidd* in the context of past judicial analyses that were particular to that statute. *Id.* (relying on precedent to determine that intimidation necessarily meant the threatened infliction of force under federal armed robbery of a controlled substance); *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019) (same for federal bank robbery and carjacking). As *Stokeling*, *Parnell*, *Bong*, *Shelby*, and *Castro-Vasquez*, demonstrate, when the language of the statute or past judicial analyses defining that language leave room for conduct that does not include the use of violent force with the requisite *mens rea*, the force clause has not been met. Here, there is no statute and no past judicial analyses for the "robbery" that constituted the predicate offense. As force clause determinations are based on "nothing more than the least of the acts criminalized" by the statute in question, *Ortiz*, 796 F.3d at 935, even if the jury instructions are considered, the requirements of the force clause have not been met.



Appellate Case: 20-2042 Page: 38 Date Filed: 05/26/2020 Entry ID: 4916720

## III. MR. PAUL'S INVALID § 924 CONVICTION REQUIRES THAT HIS DEATH SENTENCE BE VACATED AND THAT HE BE RESENTENCED ON THE §1111(A) CONVICTION.

Mr. Paul was convicted of both aiding and abetting murder (Count 1) and violating §§ 924(c) & (i)(1), *subsection redesignated as* § 924(j)(1) (1996) (Count 2). Section 924(i)(1) authorized more severe penalties – including the death sentence – for violations of § 924(c) resulting in death. As Mr. Paul's § 924(c) conviction was invalid, any capital sentence based on § 924(i)(1) was also invalid. Mr. Paul's jury was not instructed to sentence on each count separately, nor could it possibly have known to do so. It issued one death verdict, unrelated to any particular count. For this reason, the invalidation of Mr. Paul's § 924(c) conviction requires that he be resentenced on Count 1. When a jury is presented with multiple grounds for a verdict, one of which is invalid, and does "not specify the basis on which [its verdict] rested," "the verdict of the jury for all we know may have been rendered on [the invalid ground] alone." *Williams et al. v. North Carolina*, 317 U.S. 287, 292 (1942).

Without a sentencing verdict on each count, it is impossible to know whether the jurors found death based on § 1111(a) alone, on the constitutionally invalid § 924(c) conviction alone, or on a combination of both. Any such speculation would be unconstitutional. "[I]f one of the grounds for conviction is invalid under the Federal Constitution, the judgment cannot be sustained." *Williams*, 317 U.S. at 292 (citing *Stromberg v. California*, 283 U.S. 369, 368 (1931)); *see also Bachellar v. Maryland*, 397 U.S. 564, 567 (1970) (if verdicts "may have rested on an unconstitutional ground, they must be set aside"); *Cokeley v. Lockhart*, 951 F.2d 916, 921 (8th Cir. 1991) ("[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient.") (quoting *Zant v. Stephens*, 462 U.S. 862, 881 (1983)).

Even if this Court could assume that Mr. Paul's death sentence did not rest on the § 924

count, a resentencing on Count 1 (§ 1111(a)) would still be constitutionally required. When a defendant has been convicted and sentenced on multiple counts, and one of the convictions is determined to be invalid, he must be resentenced on the remaining valid counts unless it is established that the sentencer did not rely on the invalid count in imposing the sentence. *James v. United States*, 476 F.2d 936, 937 (8th Cir. 1973) (citing *United States v. Tucker*, 404 U.S. 443 (1972)). The "critical issue" is "whether the sentence imposed on Count I might have been different if the [sentencer] had known at the time of the sentencing that the Count II conviction was invalid." *Id.* Where it "appear[s] possible that [the sentence] might have relied in part on an unconstitutional conviction," the defendant must be resentenced. *Id.* A defendant surely meets this standard where, as here, the trial court instructs the jury to consider the invalid count in combination with the valid one in deciding whether the defendant should receive the death penalty.

The § 924 conviction was essential, and inextricably linked, to the unitary death verdict. In this case, the use of a firearm in connection with a "crime of violence," resulting in "murder," may have been the offense that tipped the balance for the jury. This was the rationale of the Fifth Circuit in *United States v. Causey*, 185 F.3d 407, 423 (5th Cir. 1999) where, as here, the jury had returned one unitary death sentence for multiple (three) death eligible convictions. Following reversal of one of the convictions, the Court ordered re sentencing on the two remaining convictions "[b]ecause it is impossible to say that the jury's penalty phase recommendations of the death penalty were not influenced by the fact that [the defendants] had received three death eligible convictions, rather than two."

There is simply no basis to conclude that the jury's death sentence was not based on the § 924 conviction; nor is there any basis to conclude that, assuming the jury considered both counts in combination, the § 924 conviction did not inform the death sentence.



Appellate Case: 20-2042 Page: 40 Date Filed: 05/26/2020 Entry ID: 4916720

## IV. MR. PAUL'S SATISFIES THE REQUIREMENTS OF 18 U.S.C. § 2255(H)(2) AND HIS § 2255 MOTION IS TIMELY.

### A. Mr. Paul's Motion Satisfies 18 U.S.C. § 2255(h)(2).

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to file a successive § 2255 motion if it "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Where, as here, the Supreme Court has not expressly ruled on the retroactivity of the new rule, § 2255(h)(2) is satisfied if the Supreme Court's holdings in multiple cases must "necessarily dictate the retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001).

Mr. Paul has satisfied this standard. For the reasons set forth in Sections I-II, *supra*, Mr. Paul has shown that the residual clause of his § 924(c) conviction is unconstitutionally vague based on *Davis* and that this conviction cannot be otherwise supported by the force clause.

Additionally, *Davis* announced a new rule of constitutional law. "[A] case announces a new rule if the result *was not dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis added). A result is not dictated "unless it would have been apparent to all reasonable jurists." *Chaidez v. United States*, 568 U.S. 342, 347 (2013). Before *Davis*, that § 924(c)'s residual clause was unconstitutionally vague was not "apparent to all reasonable jurists." *Id.* Indeed, *United States v. Prickett*, 830 F.3d 760 (8th Cir. 2016) (*Prickett-I)* and *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016), both held that § 924(c)(3)(B) was not unconstitutionally vague. In *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016) (*Prickett-II*), the Eighth Circuit held that *Johnson* did not apply to § 924(c)(3)(B) because several factors distinguished § 924(c) from ACCA's residual clause. *Id.* at 699. Until *Davis* was issued, the precedent established by *Donnell*, *Prickett-I*, and *Prickett-II* remained in effect.

Although the Supreme Court has not expressly ruled on *Davis's* retroactivity, the Supreme Court's holdings in other cases "necessarily dictate the retroactivity," *Tyler*, *supra*, at 666, of *Davis*. The Supreme Court has identified "new substantive rules" as a category of rules that are retroactively applied. *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). Substantive rules either "forbid[] criminal punishment of a certain type of primary conduct" or "prohibit[] a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016). Here, as the *Davis* court observed, § 924(c)'s residual clause encompasses a broader spectrum of behavior than the force clause, encompassing offenses "that do not have violence as an *element* but arguably create a substantial *risk* of violence." *Davis*, 139 S. Ct. at 2334. Because *Davis* invalidated § 924(c)'s broader residual clause, it forbid criminal punishment of certain primary conduct, and thus, is retroactive.

The Supreme Court's analysis of *Johnson*'s retroactivity in *Welch* confirms that *Davis* is retroactive. There, because *Johnson* invalidated the residual clause of ACCA and narrowed the scope of conduct punished by that statute, the Supreme Court held that "[i]t is undisputed that *Johnson* announced a new rule," that this rule was one of substantive constitutional law, and that it has "retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1264-65, 1268. As noted above, *Johnson* and *Davis* put forth analogous rulings for the residual clauses of ACCA and 924(c), respectively. As the Supreme Court found *Johnson* to be retroactive, it necessarily follows that *Davis* is retroactive as well.

Even assuming, *arguendo*, that *Davis* is not a new retroactively applied rule Mr. Paul has still met the standard of § 2255(h). In 2016, Mr. Paul requested permission to file a successor motion file a successive motion under 28 U.S.C. § 2255 based on *Johnson*. Consistent with the Eighth Circuit's then-current precedent, Mr. Paul's 2016 application to file a successive § 2255 motion under *Johnson* was denied. As noted above, that precedent precluded any successive

challenge to a § 924(c) conviction based on *Johnson* until *Davis* was issued. So, even if *Davis* did not establish a new retroactive rule, it would still satisfy § 2255(h)(2) as *Johnson* – which was retroactive – was "previously unavailable" under § 2255(h)(2) to Mr. Paul until *Davis* was issued.

**B. Mr. Paul's Motion Is Timely.**

This motion is timely under 28 U.S.C. 2255(f)(3), which provides for a one-year statute of limitations to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Davis* on June 24, 2019, and Mr. Paul has file this application within a year of that date.

## REQUEST FOR RELIEF

Wherefore, based on the foregoing, Mr. Paul respectfully requests that the Court grant him the following relief:

(1) Leave to amend this motion, if necessary;

(2) Leave to file a Memorandum of Law in support of this motion;

(3) Should it assist the Court, a status conference to discuss the timing of the above; and

(4) An order vacating Mr. Paul's conviction and sentence under Count Two of the Superseding Indictment, vacating his death sentence entirely, and ordering a new capital sentencing proceeding on Count One.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender Office for
Eastern District of Pennsylvania 601
Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Jeffrey Paul

Dated: May 26, 2020

# EXHIBIT B

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED
DEC 4 1996
CHRIS R. JOHNSON, CLERK
BY [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 6:96CR60022-001 |
| vs. | ) | 18 U.S.C. § 1111(a) |
| | ) | 18 U.S.C. § 924(c)(1) |
| JEFFERY WILLIAM PAUL | ) | 18 U.S.C. § 924(i)(1) |
| | | 18 U.S.C. § 2 |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another person known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant to Title 18 U.S.C. § 7(3), did, with malice aforethought, kill Sherman Williams, by means of gunshot wounds, in the perpetration of a robbery, in violation of 18 U.S.C. § 1111(a) and § 2.

### COUNT 2

On or about the 22nd day of June, 1995, in the Western District of Arkansas, Hot Springs Division, the defendant, JEFFERY WILLIAM PAUL, and another individual known to the grand jury, while aiding and abetting each other, within the confines of Hot Springs National Park, a place within the special maritime and territorial jurisdiction of the United States, pursuant

86

to Title 18 U.S.C. § 7(3), did knowingly carry and use a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to-wit: a robbery in the national park, Hot Springs, Arkansas, on or about June 22, 1995, as set forth in Count 1 of this indictment which is realleged and incorporated by reference herein, in violation of Title 18 U.S.C. § 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18 U.S.C. § 1111, in that the defendant, did unlawfully kill Sherman Williams by shooting him with the firearm in the perpetration of the robbery and attempted perpetration of the robbery in violation of Title 18 U.S.C. § 924(i)(1) and Title 18 U.S.C. § 2.

A True Bill.

Foreperson

P. K. Holmes III
United States Attorney

By: Steven N Snyder
Steven N. Snyder
Senior Litigation Counsel
Assistant U.S. Attorney
Ark. Bar No. 72101
P. O. Box 1524
Fort Smith, AR 72902-1524
(501) 783-5125

# EXHIBIT C

consider the manner in which the death was caused.

You may not find the defendant guilty of first degree murder by reason of killing during the perpetration of a robbery unless you find beyond a reasonable doubt that at the time of the killing, the defendant was engaged in the perpetration of a robbery as defined in these instructions.

The crime of robbery has three essential elements which are:

One; that Sherman Williams had in his possession or on his person or presence anything of value.

Two; that the defendant took and carried away anything of value from Sherman Williams by force or violence, and

Three; that the taking occurred within the boundaries of the Hot Springs National Park.

Possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in light of surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

Possession of property recently stolen, if not satisfactorily explained, is also ordinarily a circumstance from which the jury may reasonably draw the inferences and find in light of the surrounding circumstances shown by the evidence in the case that the person in possession not only knew it was stolen property but also participated in some way in the theft of the property.

Appellate Case: 20-2042 Page: 49 Date Filed: 05/26/2020 Entry ID: 4916720