**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

**No. 20-2042**

---

**JEFFREY WILLIAM PAUL, Petitioner**

**v.**

**UNITED STATES, Respondent.**

---

# RESPONSE IN OPPOSITION TO MOTION TO FILE A SUCCESSIVE § 2255 MOTION

---


BRIAN A. BENCZKOWSKI
Assistant Attorney General
United States Department of Justice

Jeffrey B. Kahan
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F Street, N.W.; 6th Fl.
Washington, D.C. 20530
Tel: (202) 305-8910
Jeffrey.Kahan@usdoj.gov

CLAY FOWLKES
United States Attorney
Western District of Arkansas

Kenneth Elser
Assistant United States Attorney
Western District of Arkansas
414 Parker Avenue
Ft. Smith, Arkansas 72901
Tel: (479) 494-4071
KElser@usdoj.gov

# TABLE OF CONTENTS

Table of Contents ........................................................................................ i
Table of Authorities ..................................................................................... ii
Statement ........................................................................................................1
Argument .........................................................................................................4
PAUL HAS NOT IDENTIFIED AN ARGUMENT PREMISED ON CONTROLLING AUTHORITY ..........................................................4
Conclusion.......................................................................................................16

## TABLE OF AUTHORITIES

### Supreme Court

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ....................................................7
*Moncrieffe v. Holder*, 569 U.S. 184 (2013) ............................................................17
*Stokeling v. United States*, 139 S. Ct. 544 (2019) .................................................12
*United States v. Davis*, 139 S.Ct. 2042 (2019) ............................................... 7, 8, 9
*United States v. Frady*, 456 U.S. 152 (1982) ..........................................................14
*United States v. Hutcheson*, 312, U.S. 219 (1941) .................................................14

### U.S. Courts of Appeals

*Allen v. United States*, 836 F.3d 894 (8th Cir. 2016)..................................... 11, 13
*Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019).................................. 11, 13
*Flores-Lopez v. Holder*, 685 F.3d 857 (9th Cir. 2012) ..........................................18
*Kercher v. United States*, 409 F.2d 814 (8th Cir. 1969) .......................................14
*Kidd v. United States*, 929 F.3d 578 (8th Cir. 2019) ............................................13
*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015).........................................................18
*Paul v. United States*, 534 F.3d 832 (8th Cir. 2008) ...............................................6
*United States v. Becton*, 751 F.2d 250 (8th Cir. 1984).................................. 14, 15
*United States v. Ben*, 783 Fed. App'x 443 (5th Cir. 2019) .................................11
*United States v. Fultz*, 923 F.3d 1192 (9th Cir. 2019) ..........................................11
*United States v. Jones*, 34 F.3d 596 (8th Cir. 1994) .............................................13
*United States v. Jones*, 919 F.3d 1064 (8th Cir. 2019) .........................................13
*United States v. Mathijssen*, 406 F.3d 496 (8th Cir. 2005)..................................13
*United States v. Miranda-Ortegon*, 670 F.3d 661 (5th Cir. 2012) .......................18
*United States v. Paul*, 217 F.3d 989 (8th Cir. 2000) ..............................................6
*United States v. Rice*, 449 F.3d 887 (8th Cir. 2006)...................................... 16, 18
*United States v. Shirley*, no. 18-2071, 2020 WL 1845275 (10th Cir. Apr. 13, 2020) ........................................................................................................... 11, 12
*United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011).......................................18
*United States v. Yielding*, 657 F.3d 688 (8th Cir. 2011).......................................16
*Winarske v. United States*, 913 F.3d 765 (8th Cir. 2019) .......................................8



Appellate Case: 20-2042 Page: 3 Date Filed: 06/09/2020 Entry ID: 4921578

**U.S. District Courts**


*United States v. Pena*, 161 F. Supp. 3d 268, 272 (S.D.N.Y. 2016) ......................16


**Statutes**


18 U.S.C. § 1111..........................................................................................6, 13
18 U.S.C. § 1951..............................................................................................13
18 U.S.C. § 2111..........................................................................................passim
18 U.S.C. § 2112..............................................................................................10
18 U.S.C. § 2113..............................................................................................11
18 U.S.C. § 2118.......................................................................................... 10, 13
18 U.S.C. § 2119..............................................................................................13
18 U.S.C. § 924............................................................................................passim
28 U.S.C. § 2241..........................................................................................7, 8
28 U.S.C. § 2255..........................................................................................passim


**Other Authorities**


BLACK'S LAW DICTIONARY (9th ed. 2009) ..........................................................16
Eighth Circuit Model Jury Instructions, §§ 6.18.2113A-C, 6.18.2119A-C .....17





Appellate Case: 20-2042 Page: 4 Date Filed: 06/09/2020 Entry ID: 4921578

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

---

No. 20-2042

---

JEFFREY WILLIAM PAUL, Petitioner

v.

UNITED STATES, Respondent.

---

# RESPONSE IN OPPOSITION TO MOTION TO FILE A SUCCESSIVE § 2255 MOTION

---

The United States of America, by and through undersigned counsel, hereby submits this response in opposition to petitioner Jeffrey William Paul's request to file a successive motion for relief under 28 U.S.C. § 2255, filed May 26, 2020 ("Br.").

## STATEMENT

On June 22, 1995, Jeffrey William Paul and an acquaintance, Trinity Ingle, followed 82-year-old Sherman Williams to a walking trail in Hot Springs National Park. Paul and Ingle robbed and beat Williams, and then shot him in the head and shoulder, killing him.

On June 23, 1997, a jury in the Western District of Arkansas convicted Paul of aiding and abetting first degree murder within the special

territorial jurisdiction of the United States (18 U.S.C. § 1111) and firearm murder during and in relation to a crime of violence (18 U.S.C. § 924(j)). *United States v. Paul*, 217 F.3d 989, 994-95 (8th Cir. 2000). Following a penalty phase trial, the jury recommended a death sentence. *Id.* at 995. Paul appealed, this Court affirmed, and the Supreme Court denied certiorari. *Id.*, at 1005, *cert. denied*, 534 U.S. 829 (2001).

In 2002, Paul filed a motion for relief under 28 U.S.C. § 2255, which the district court denied. *Paul v. United States*, no. 96CR60022-001, Dkt. 322 (W.D. Ark. Jan. 31, 2005). Paul appealed, and this Court granted a COA. Following briefing, this Court affirmed the denial of collateral relief in a published opinion, from which the Supreme Court denied certiorari. *Paul v. United States*, 534 F.3d 832 (8th Cir. 2008), *cert. denied*, 558 U.S. 828 (2009).

Paul proceeded to file a series of pro se motions in the trial court under § 2255, among other authority, all of which that court denied. *United States v. Paul*, no. 96CR60022-001, Dkt. nos. 362, 365, 366, 367, 368, 370, 371, 375, 378, 379, 381, 382, 383, 384, 385, 386, 388, 390, 391, 392 (W.D. Ark). In 2013, Paul moved pro se for relief under 28 U.S.C. § 2255 in the United States District Court for the Southern District of Indiana. *Paul v. Superintendent*, case no. 2:13-cv-00304-WTL-MJD, Dkt. # 1 (S.D. Ind. Aug.



Appellate Case: 20-2042 Page: 6 Date Filed: 06/09/2020 Entry ID: 4921578

20, 2013). The Southern District of Indiana subsequently appointed counsel, who filed a motion for relief under 28 U.S.C. § 2241, which remains pending, following the submission of briefing on the merits. Among other issues, the § 2241 petition asserts that Paul is entitled to a new sentencing hearing on his § 924(c) conviction in view of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Last year, the § 2241 court ordered—and the parties filed—supplemental briefing on the significance of the Supreme Court's opinion in *United States v. Davis*, ___ U.S. ___, 139 S.Ct. 2042 (2019). The § 2241 court has stayed its decision pending the resolution of this request.

Separately, and without the assistance of counsel, Paul sought permission to file a successive motion for relief under § 2255, which this Court denied. *Paul v. United States*, case no. 13-2987 (8th Cir. Oct. 1, 2013). The following year, Paul petitioned pro se for an extraordinary writ, which this Court denied. *In re: Paul*, case no. 14-1832 (8th Cir. Apr. 22, 2014). Paul also petitioned pro se for an extraordinary writ in the Seventh Circuit, which that court denied. *Paul v. Lawrence*, case no. 16-2220 (7th Cir. May 26, 2016). With the assistance of counsel, Paul again unsuccessfully asked this Court for a second time for permission to file a successive § 2255 motion. *Paul v. United States*, case no. 16-2330 (8th Cir. Aug. 5, 2016). On May 14,

2019, Paul, for a third time, moved for permission to file a successive § 2255 motion, which this Court denied. *Paul v. United States*, case no. 19-1994 (8th Cir. June 21, 2019).

On May 26, 2020, Paul moved for a fourth time for permission to file a successive § 2255 motion, asserting much the same *Davis* claim pending in his § 2241 action, and this response in opposition follows.[1]

## ARGUMENT

### PAUL HAS NOT IDENTIFIED AN ARGUMENT PREMISED ON CONTROLLING AUTHORITY

Although Congress severely limits successive § 2255 motions, *Winarske v. United States*, 913 F.3d 765, 767 (8th Cir. 2019), this Court may authorize the filing of a successive motion where, as is relevant here, a defendant makes a prima facie showing that his conviction or sentence is unlawful under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Attempting to satisfy this standard, Paul relies on *Davis*, which invalidated part of § 924(c)'s definition of a

[1] Unrelated to his challenges to the judgment, Paul intervened in *Roane, et al. v. Gonzales*, D.C. Dist. Ct. case no. 05-CV-2337, a lawsuit that challenges the federal execution protocol on Eighth Amendment grounds.



Appellate Case: 20-2042 Page: 8 Date Filed: 06/09/2020 Entry ID: 4921578

crime of violence. Paul argues that after *Davis*, robbery—the offense underlying his § 924 conviction—no longer qualifies as a crime of violence. Br. 9-16. Paul cannot succeed in this claim because the jury found he committed a robbery under 18 U.S.C. § 2111—a crime of violence under the elements clause of § 924, which was unaffected by *Davis*.

Section 924 contains two provisions, set forth in the disjunctive, that define a "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, <u>or</u>
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). Of these provisions, the *Davis* court invalidated only subdivision (B). 139 S. Ct. at 2336. *Davis* did not invalidate the definition of a "crime of violence" found in subdivisions (A)'s "elements clause." Thus, after *Davis*, a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," remains a properly defined crime of violence. *See* § 924(c)(3)(A).



Appellate Case: 20-2042 Page: 9 Date Filed: 06/09/2020 Entry ID: 4921578

As noted, Paul was charged with, and found guilty of a § 924 firearm murder committed during the course of a crime of violence, a robbery. Ex. B (Indictment). Although the indictment did not specify the federal robbery statute that Paul violated, it charged that the robbery "may be prosecuted in a Court of the United States" because it occurred within "the national park, Hot Springs," "a place within the special maritime and territorial jurisdiction of the United States." Ex. B at 1-2. In this regard, the indictment clearly referred to § 2111, the only federal statute that expressly proscribes robbery within the territorial jurisdiction of the United States. *Cf.* 18 U.S.C. §§ 2112-2118.

Consistent with the charge in the indictment, the court instructed the jury on the elements of § 2111: the victim "had in his possession or on his person or presence anything of value," that Paul "took and carried away anything of value from [the victim] by force or violence," and "that the taking occurred within the boundaries of the Hot Springs National Park." Ex. A; *see* 18 U.S.C. § 2111 (providing "[w]hoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than

fifteen years"). In view of its instructions, the jury necessarily found that Paul committed robbery in violation of § 2111.

Because § 2111 requires proof that a person takes or attempts to take a thing of value from the person of another "by force and violence" or "by intimidation,"[2] it necessarily involves "the use, attempted use, or threatened use of force against the person or property of another," and therefore qualifies as a crime of violence under § 924(c)'s elements clause. *See Allen v. United States*, 836 F.3d 894 (8th Cir. 2016) (finding another robbery statute, 18 U.S.C. § 2113, with a "force and violence" element constituted a crime of violence under § 924(c)(3)(A)); *United States v. Fultz*, 923 F.3d 1192, 1195 (9th Cir. 2019) (§ 2111 is a crime of violence under § 924(c)(3)(A)); *United States v. Shirley*, no. 18-2071, 2020 WL 1845275, *1 (10th Cir. Apr. 13, 2020) (same); *United States v. Ben*, 783 Fed. App'x 443, 443 (5th Cir. 2019) (same). That conclusion finds further support in the Supreme Court's recent *Stokeling* decision, which held that the similarly-phrased elements clause of the Armed Career Criminal Act encompasses common law robbery—theft accompanied by force (or threats of force) sufficient to

[2] "Intimidation" refers to a threat of violence. *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019) (defining intimidation under § 2113).

overcome the victim's resistance. *See Shirley*, 2020 WL 1845275, at *3 (citing *Stokeling v. United States*, ___ U.S. ___, 139 S. Ct. 544, 553-55 (2019)). Paul does not cite a case, and the government is not aware of any, holding that something short of common law robbery satisfies § 2111. *See Shirley*, 2020 WL 1845275, at *3 ("Shirley has not cited a § 2111 case that upheld a conviction for merely snatching property without the use of 'violent force' as that term was understood in *Stokeling* . . . . Nor have we found such a case.").

At least tacitly, Paul appears to recognize the import of the decisional law and concede that § 2111 robbery constitutes a crime of violence under the elements clause of § 924(c). He attempts to avoid the reach of this jurisprudence by asserting that his robbery conviction does not sound within § 2111, and instead constitutes an unspecified federal robbery crime requiring less than common law force. But, as noted, the indictment unmistakably referred to § 2111 by expressly alleging the robbery could be prosecuted in federal court because it occurred within the territorial jurisdiction of the United States, and the jury received a § 2111 robbery



Appellate Case: 20-2042 Page: 12 Date Filed: 06/09/2020 Entry ID: 4921578

instruction that included special territorial jurisdiction as an element.[3] *See* Ex. B. But even if the indictment alleged a robbery under some other federal statute, Paul does not identify a law that permits conviction of something less than the common law offense. Indeed, federal robbery offenses, like § 2111, satisfy § 924(c)'s elements clause because they require proof of "force and violence" or "intimidation." *See Estell*, 924 F.3d at 1292-93 (citing *Allen*, 836 F.3d at 894; *United States v. Mathijssen*, 406 F.3d 496, 500 (8th Cir. 2005) (§ 2119 carjacking); *United States v. Jones*, 34 F.3d 596, 601-02 (8th Cir. 1994) (§ 2119 carjacking)); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (§ 2118 controlled substance robbery); *see also United States v. Jones*, 919 F.3d 1064, 1072 & n.3 (8th Cir. 2019) (18 U.S.C. § 1951 Hobbs Act robbery).

In support of his argument that he was convicted of something less than § 2111 robbery, Paul asserts (1) the indictment did not expressly refer to the statute and (2) the jury instructions did not specify that the jury had to find that the force in question was "sufficient to overcome the resistance

[3] The robbery was also alleged as a premise of the § 1111 charge, murder within the special territorial jurisdiction of the United States (Ex. B), and Paul fails to explain how he could have murdered Williams within a federal enclave without robbing him there as well.

of another or that a mere snatching of property be excluded from this definition." Br. 13. But Paul cannot use a second or successive § 2255 motion to raise challenges to an indictment or jury instructions that he could have, but did not, assert on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 168 (1982).

Regardless, Paul's challenges to the indictment and jury instructions lack merit.

The indictment's omission of a citation to § 2111 did not violate Paul's due process rights so long as he had "actual notice of the charges." *United States v. Becton*, 751 F.2d 250, 256 (8th Cir. 1984) (holding an indictment for a continuing criminal enterprise offense was not defective for failure to list specific violations of underlying felony statutes); *see also United States v. Hutcheson*, 312, U.S. 219, 229 (1941) (noting citation errors in indictments constitute grounds for reversal only when they prejudicially mislead the defendant); *Kercher v. United States*, 409 F.2d 814, 818 (8th Cir. 1969). The indictment adequately informed Paul of the charges, specifying he committed robbery within the special territorial jurisdiction of the United States, an allegation he could have only reasonably understood as a reference to § 2111.

Unsurprisingly then, Paul, like the defendant in *Becton*, "fails to allege that any of the felonious activities proved at trial took him by surprise." 751 F.2d at 256. Indeed, the *Becton* court noted, in rejecting a claim of prejudice, that the defendant "did not raise this objection . . . before or during trial, and on appeal he raised it for the first time in his reply brief." *Id.* The failure to object in *Becton* pales by comparison to Paul's inaction. Over the course of 20 years, he failed to challenge the omission in pre-trial motions, on direct appeal, or in his § 2255 motion. Paul first noted the absence of a citation to § 2111 in the second of three prior requests to file a successive § 2255 motions, Eighth Circuit case no. 16-2330. His silence over two decades loudly bespeaks the fact that the absence of a § 2111 citation did not mislead or prejudice him in any way.

Nor was there any error in the jury instructions. The district court properly instructed the jury in accordance with the language of § 2111 to determine whether Paul "took and carried away anything of value from Sherman Williams by force or violence . . . within the boundaries of the Hot Springs National Park." Ex. A; *see* § 2111. The court did not additionally explain that "force or violence" required an act "sufficient to overcome the resistance of another." But Paul cites no case requiring such a specific

definition of force or violence for § 2111 (or any other federal robbery statute).

Indeed, the model instructions for the similarly worded bank robbery and carjacking statutes do not contain a specific definition of force or violence (there are no Eighth Circuit model instructions for § 2111). *See* Eighth Circuit Model Jury Instructions, §§ 6.18.2113A-C, 6.18.2119A-C. Still, the jury presumably understood that actions insufficient to overcome the victim's resistance would not satisfy the force element, given the instruction to determine if Paul "took or carried away anything of value . . . by force or violence." Ex. A at 845. That natural understanding crystalizes the plain meaning of the term "force," *see United States v. Pena*, 161 F. Supp. 3d 268, 272, 276-77 (S.D.N.Y. 2016) (citing, inter alia, BLACK'S LAW DICTIONARY 717 (9th ed. 2009)), and the trial court did not instruct the that anything less could suffice. The court had no obligation to define a term that had a common usage and understanding. *United States v. Yielding*, 657 F.3d 688, 714 (8th Cir. 2011). Given the plain meaning of the term at issue, and the defendants' blatant use of force during the crime, Paul cannot show a reasonable probability that the instructions prejudiced him. *See United States v. Rice*, 449 F.3d 887, 896 (8th Cir. 2006) (finding no plain error



Appellate Case: 20-2042 Page: 16 Date Filed: 06/09/2020 Entry ID: 4921578

where instructions did not define requisite intent that was otherwise clear, and "overwhelming" evidence demonstrated the defendant's satisfaction of the standard); *see also* Ex. C (Paul's lack of objection to the jury charge).

Paul also contends the trial court did not instruct the jury that the force or violence element of robbery did not encompass negligent, accidental, or reckless conduct. Br. 14. But once again, Paul cannot establish any deviation from this Court's pattern instructions on federal robbery. *See* Eighth Circuit Model Jury Instructions, §§ 6.18.2113A-C, 6.18.2119A-C. Citing this Court's decision in United States v. Fields, however, Paul surmises, that under the jury instructions as given, he could have been convicted for robbery involving reckless driving. Such robbery, he claims, cannot constitute a Section 924(c) crime of violence. But even assuming that Fields was correctly decided (*see* dissent), the Supreme Court has repeatedly cautioned against using "legal imagination" to treat an offense as categorically overbroad. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). And Paul cannot identify a single instance of federal robbery predicated on reckless driving. The theoretical possibility of such a far-fetched crime would not have required the trial court to give a prophylactic instruction, forestalling conviction on an outlandish and unlikely theory. Regardless,



Appellate Case: 20-2042 Page: 17 Date Filed: 06/09/2020 Entry ID: 4921578

the omission of such a superfluous charge did not prejudice Paul, given the patent intent with which he and Ingle employed force. *See Rice*, 449 F.3d at 896.

Unable to identify any supportive decisional law that concerns a federal statute or instruction, Paul turns to opinions about state laws that do not qualify as crimes of violence under § 924, though they facially include an element of "force or violence." *See* Br. at 14-15 (citing *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (concerning Minnesota obstruction statute); *United States v. Smith*, 652 F.3d 1244 (10th Cir. 2011) (concerning Oklahoma battery statute); *Flores-Lopez v. Holder*, 685 F.3d 857, 863 (9th Cir. 2012) (concerning California's battery and resisting an executive officer statutes); *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012) (concerning Oklahoma's assault and battery domestic violence statute)). Admittedly, a handful of state statutes use the phrase "force or violence" as a term of art meaning minimal, non-violent touching. That fact, however, does not inform the degree of force required to establish a violation of § 2111, or any other federal robbery. Similarly, the existence of those state laws does not demonstrate that the trial court improperly instructed the

jury or that Paul was found to have committed an offense under any statute but § 2111.

Accordingly, Paul cannot show that his robbery of Sherman Williams constituted anything short of a crime of violence for purposes of establishing a violation of § 924. As such, he has not shown that *Davis* applies to his case and justifies the filing of a successive § 2255 motion.

## CONCLUSION

Based on the foregoing reasoning and authority, the United States respectfully urges this Court to deny Paul's request to file a second and successive § 2255 motion.

Dated: June 9, 2020:

Respectfully submitted,


BRIAN A. BENCZKOWSKI
Assistant Attorney General
United States Department of Justice

*/S/Jeffrey B. Kahan*
Jeffrey B. Kahan
Deputy Chief, Capital Case Section
U.S. Department of Justice
1331 F Street, N.W.; 6th Fl.
Washington, D.C. 20530
Tel: (202) 305-8910
Jeffrey.Kahan@usdoj.gov

CLAY FOWLKES
United States Attorney
Western District of Arkansas

*/S/Kenneth Elser*
Kenneth Elser
Assistant United States Attorney
Western District of Arkansas
414 Parker Avenue
Ft. Smith, Arkansas 72901
Tel: (479) 494-4071
KElser@usdoj.gov

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on June 9, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Movant:

- Ms. Shawn Nolan shawn_nolan@fd.org

*S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify as follows:

1. This document complies with the word limit of Fed. R. App. P. 32(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 3067 words.
2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because I prepared it using Word 2019 in a proportionally spaced typeface—14 pt. Book Antigua regular style.

Dated: this 9th day of June 2020:
*S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN