**<u>IN THE UNITED STATES COURT OF APPEALS</u>**
**<u>FOR THE EIGHTH CIRCUIT</u>**

**Case No. 20-2042**

---

**JEFFERY WILLIAM PAUL, Petitioner**

**v.**

**UNITED STATES OF AMERICA, Respondent**

---

# MOTION FOR LEAVE TO FILE A REPLY

---

Petitioner Jeffery William Paul, through counsel, respectfully moves for leave to file a Reply to the Government's Response in Opposition to Motion to File a Successive § 2255 Motion. In support thereof, he submits and avers as follows:

1. Mr. Paul is a death sentenced inmate currently housed in the United States Penitentiary in Terre Haute, Indiana.

2. On May 26, 2020, Mr. Paul filed an application for permission to file a successive motion under 28 U.S.C. § 2255 ("§ 2255 App.") to vacate his 18 U.S.C. § 924(c) conviction based on the Supreme Court of the United States' decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) criminalizes the use of a firearm in a crime of violence as defined by either the "residual clause" or the "force clause" of § 924(c). *Davis* invalidated the

residual clause of § 924(c) as unconstitutionally vague. Mr. Paul's indictment did not tie the "robbery" which formed the predicate offense for his § 924(c) conviction to any statute. Furthermore, the jury instructions given to the jury did not match any federal criminal statute – robbery or otherwise. And, Mr. Paul was not charged with or convicted of any robbery in this case. As this "robbery" was not tethered to a criminal statute, the "robbery" did not meet the force clause and that his conviction was invalid after *Davis*. *See* § 2255 App. at 9-16.

3. On June 9, 2020, Respondent submitted its Response in Opposition to Motion to File a Successive § 2255 Motion ("GR"). In it, the Respondent argued, for the first time, that the predicate offense for Mr. Paul's conviction was actually a federal robbery under 18 U.S.C. § 2111. *See, e.g.,* GR at 6.

4. Mr. Paul respectfully requests that he be given leave to respond. Mr. Paul has argued that the "robbery" that formed the predicate offense for his § 924(c) conviction was untethered to any criminal offense numerous times in the past, beginning in 2016 when he filed an application to file a successive § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and continuing throughout proceedings in the United States District Court for the Southern District of Indiana held pursuant to 28 U.S.C. § 2241. *See* Reply (attached as Exh. A) at 3. Respondent has never claimed that § 2111 was the predicate offense for the

robbery conviction until now – after *Davis* rejected the argument Respondent has relied on for the past four years. Mr. Paul respectfully requests the opportunity to respond to Respondent's newly raised arguments.

5. The Government also claimed, inter alia, that the trial court in Mr. Paul's case instructed the jury on the elements of § 2111 and that these jury instructions did not deviate from pattern jury instructions for similarly worded federal bank robbery and carjacking statutes. GR at 6-7, 11-13. This is incorrect. As set forth in detail in the proposed Reply, the instructions given to the jury in Mr. Paul's case on the "robbery" differed materially from both the elements of § 2111 and the model instructions cited by Respondent. *See* Exh. A. at 4, 7-9. Mr. Paul requests leave to file a Reply in order to address Respondent's erroneous claim and the significance of the difference between the jury instructions given and the elements of § 2111.

WHEREFORE, for the reasons set forth above and in his proposed Reply, Mr. Paul respectfully requests that his motion be granted and that the proposed Reply, attached as Exh. A, be filed.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender
Office for Eastern District of
Pennsylvania 601 Walnut Street,
Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Jeffrey Paul

Dated: June 12, 2020

## CERTIFICATE OF SERVICE

I, Shawn Nolan, hereby certify that on this 12 day of June, 2020, I submitted the foregoing document on the following person by ECF filing:

Jeffrey Bradford Kahan<br>U.S. Department of Justice, Criminal Division<br>Capital Case Section<br>1331 F Street, NW, 6th Floor<br>Washington, DC 20530

/s/ Shawn Nolan<br>Shawn Nolan

## CERTIFICATION REGARDING WORD COUNT

I, Shawn Nolan, hereby certify that, according to the word count feature of the word processing program that was used to prepare this document, this Motion for Leave to File Reply contains 587 words, which complies with the word limitations set forth by Fed. R. App. P. 27(d)(2)(A) for a motion.

/s/ Shawn Nolan<br>Shawn Nolan

# EXHIBIT A

<u>**IN THE UNITED STATES COURT OF APPEALS**</u>
<u>**FOR THE EIGHTH CIRCUIT**</u>

**Case No. 20-2042**

---

**JEFFERY WILLIAM PAUL, Petitioner**

**v.**

**UNITED STATES OF AMERICA, Respondent**

---

# REPLY IN SUPPORT OF APPLICATION TO FILE SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2244 AND 28 U.S.C. § 2255(h)

---

**CAPITAL § 2255 PROCEEDINGS**

Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender
Office for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

June 12, 2020

## PRELIMINARY STATEMENT

Petitioner/Movant Jeffery William Paul shall be referred to as "Mr. Paul" throughout this Reply. Mr. Paul's May 26, 2020 Application to File Second or Successive Motion Pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255(h) shall be referred to as his § 2255 Application and cited as "§ 2255 App." followed by the relevant page number. Respondent shall be referred to as the "Government" and the Government's June 9, 2020 Response shall be cited as "GR" followed by the relevant page number. All other citations are either self-explanatory or shall be explained.



Appellate Case: 20-2042 Page: 8 Date Filed: 06/15/2020 Entry ID: 4923898

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................... i
TABLE OF CONTENTS .......................................................................... ii
TABLE OF AUTHORITIES ..................................................................... iii
INTRODUCTION ........................................................................................1
ARGUMENT ...............................................................................................2
A. 18 U.S.C. § 2111 Was Not the Predicate Offense for Mr. Paul's § 924(c) Conviction.........................................................................................2
B. The "Robbery" Forming the Basis for Mr. Paul's § 924(c) Conviction Did Not Correspond to *Any* Federal Robbery Statute. ...........................................5
C. The Government's Argument Violates the Categorical Approach. ................7
D. The "Robbery" Did Not Meet the *Mens Rea* Requirement of the Force Clause.........................................................................................10
E. Mr. Paul's § 924(c) Conviction Is Invalid Even if § 2111 Was the Predicate Offense.........................................................................................11
CONCLUSION ..........................................................................................12



Appellate Case: 20-2042 Page: 9 Date Filed: 06/12/2020 Entry ID: 4923898

## TABLE OF AUTHORITIES

### Federal Cases


*Descamps v. United States*, 570 U.S. 254 (2013) .................................................. 8

*Estell v. United States*, 924 F.3d 1291 (8th Cir. 2019) .......................................... 6

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ................................................. 9

*Johnson (Curtis) v. United States*, 559 U.S. 133 (2010) ....................................... 4

*Kidd v. United States*, 929 F.3d 578 (8th Cir. 2019) ............................................. 6

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ...................................................................... 4

*Mathis v. United States*, 136 S. Ct. 2243 (2016) .................................................... 8

*Ortiz v. Lynch*, 796 F.3d 932 (8th Cir. 2015) ........................................................ 8

*Stokeling v. United States*, 139 S. Ct. 544 (2019) .................................................. 4

*United States v. Becton*, 751 F.2d 250 (8th Cir. 1984) ....................................... 7-8

*United States v. Davis*, 139 S. Ct. 2319 (2019) ..................................................... 1

*United States v. Fultz*, 923 F.3d 1192 (9th Cir. 2019) ....................................... 6-7

*United States v. Jones*, 34 F.3d 596 (8th Cir. 1994) ............................................... 6

*United States v. Jones*, 919 F.3d 1064 (8th Cir. 2019) .......................................... 6

*United States v. Mathijssen*, 406 F.3d 496 (8th Cir. 2005) .................................... 6

*United States v. Shirley*, 2020 WL 1845275 (10th Cir. Apr. 13, 2020) ................. 7

*United States v. Ben*, 783 Fed. Appx. 443 (5th Cir. 2019) .................................... 7


### Federal Statutes


18 U.S.C. § 2 ........................................................................................................ 3

18 U.S.C. § 7 ........................................................................................................ 3

18 U.S.C. § 924 ........................................................................................... *passim*

18 U.S.C. § 1111 ................................................................................................... 5

18 U.S.C. § 2111 ......................................................................................... *passim*

18 U.S.C. § 2113 ................................................................................................... 9

28 U.S.C. § 2244 ................................................................................................... 1





Appellate Case: 20-2042 Page: 10 Date Filed: 06/15/2020 Entry ID: 4923898

28 U.S.C. § 2255 .......................................................................................... *passim*

## INTRODUCTION

Jeffery Paul filed an application for permission to file a successive motion under 28 U.S.C. § 2255 to vacate his 18 U.S.C. § 924(c) conviction based on *United States v. Davis*, 139 S. Ct. 2319 (2019). Section 924(c) criminalizes the use of a firearm in a crime of violence as defined by either its "residual clause" or its "force clause." The force clause is not met unless the least culpable conduct encompassed by the predicate offense for a § 924(c) conviction requires the intentional use of violent force. Because the "robbery" which formed the predicate offense for Mr. Paul's § 924(c) conviction was not tethered to any criminal statute at all and the jury instructions did not require the use of violent force with the necessary *mens rea*, this "robbery" did not satisfy 924(c)'s force clause. As the force clause has not been met and because *Davis* invalidated the residual clause, Mr. Paul's conviction is invalid after *Davis*.

In its June 9, 2020 Response to Mr. Paul's Application, the Government – for the first time in this case and after Mr. Paul has consistently raised the same argument regarding the "robbery" for almost four years – claimed that the "robbery" that formed the basis for Mr. Paul's § 924(c) conviction was actually an offense under 18 U.S.C. § 2111.

This argument is meritless. Section 2111 was not mentioned in the

indictment and, contrary to the Government's Response, the elements of § 2111 *did not* match the jury instructions administered in this case regarding the "robbery." The Government's arguments should be rejected.

## ARGUMENT

### A. 18 U.S.C. § 2111 Was Not the Predicate Offense for Mr. Paul's § 924(c) Conviction.

The Government argues that the indictment refers to § 2111 because it refers to the "robbery" as a crime that could be federally prosecuted and took place in the Hot Springs National Park – which is "within the special maritime and territorial jurisdiction of the United States." GR at 6. The Government further argues that "[c]onsistent with the charge in the indictment, the [trial] court instructed the jury on the elements of § 2111." GR at 6-7.

The Government errs on both counts. The indictment failed to identify *any* particular robbery statute – let alone § 2111. *See* § 2255 App., Exh. B. And, charging that the "robbery" occurred on federal land is hardly unique. Count 1 of the indictment, which charged murder, contained the same language regarding the special maritime or territorial jurisdiction as that was an element of the federal murder statute. *See Id.*; 18 U.S.C. § 1111. Charging that the "robbery" could be prosecuted federally is not unique either, but an element of § 924(c) that should be

boilerplate language in every § 924(c) indictment. *See* § 924(c)(1)(A).

The Government's claim that "the indictment clearly referred to § 2111," GR at 6, is undermined by the belated nature of its argument. Since 2016, when Mr. Paul raised a void for vagueness challenge to his § 924(c) conviction, Mr. Paul repeatedly argued that the "robbery" forming the predicate offense for his § 924(c) conviction did not correspond to any federal robbery statute.[1] The Government never argued that § 2111 was the predicate offense for the § 924(c) conviction in response. Only now, after *Davis* has removed the only possible basis for the § 924(c) conviction, does the Government advance this argument.

This omission – in the indictment and the Government's *Johnson* and *Davis*-related filings – is particularly striking given what *was* in the indictment. Count 2, which charged § 924(c), cited 18 U.S.C. § 2 (defining accomplice liability), § 7 (defining special maritime and territorial jurisdiction), § 1111 (defining murder as set forth in Count 1), § 924(i)(1) (establishing death-eligibility for violations of § 924(c) resulting in death), and § 924(c). As there were multiple criminal statutes

[1] *See, e.g.*, Application for Authorization to File a Successive Motion under 28 U.S.C. § 2255, *Paul v. United States*, 16-2330 (8th Cir. May 25, 2016) at 11-12; *Paul v. Superintendent*, 13-CV-304 (S.D. Ind.), Dkt. No. 194 at 16-18 and Dkt. No. 234 at 4, 7, 10-12.

that *were* cited, the Government cannot now claim that § 2111 was the "robbery" mentioned in Count 2. This Court should reject the Government's strained attempt to raise § 2111 when it has failed to do so in the past.

The Government's claim that the jury was instructed on the elements of § 2111, GR at 6, is similarly incorrect. Section 2111 requires that the taking or attempted taking occur "by force *and* violence, or by *intimidation*." 18 U.S.C. § 2111 (emphasis added). The trial court defined the level of force necessary for the robbery to be "force *or* violence," and made no mention of intimidation. Tr. 6/20/97 at 845 (§ 2255 App., Exh. B.) (emphasis added). As the jury was not instructed on the elements of § 2111, the Government's attempt to invoke this statute – once again – fails.

Moreover, the difference between the instruction that was given and the elements of § 2111 is significant. Under *Johnson (Curtis) v. United States*, 559 U.S. 133 (2010), *Stokeling v. United States*, 139 S. Ct. 544 (2019), *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and their progeny, the intentional use of violent force is required to satisfy § 924(c). *See* § 2255 App. at 7-9. In the context of a robbery, this excludes the "mere snatching of property." *Stokeling*, 139 S. Ct. at 544-55. As the instructions did not require the require violent force with the necessary *mens rea* while excluding the mere snatching of property, the "robbery," does not



Appellate Case: 20-2042 Page: 15 Date Filed: 06/12/2020 Entry ID: 4923882

satisfy the force clause.

### B. The "Robbery" Forming the Basis for Mr. Paul's § 924(c) Conviction Did Not Correspond to *Any* Federal Robbery Statute.

The Government argues that § 2111 necessarily involves the "use, attempted use, or threatened use of force" and is a crime of violence because it requires proof of taking or attempted taking "by force and violence" or "by intimidation." GR at 7. The Government further claims that Mr. Paul "[a]t least tacitly … appears to recognize the import of the decisional law and concede that § 2111 robbery constitutes a crime of violence under the elements [force] clause" and argues that Mr. Paul has asserted that his "robbery conviction does not sound within § 2111, and instead constitutes an unspecified federal robbery crime requiring less than common law force." GR at 8-9.

These arguments misconstrue Mr. Paul's claim for relief. Mr. Paul does not claim that the "robbery" was a different federal robbery statute, but that it did not match to *any* federal robbery offense at all. *See* § 2255 App. at 9-16. The Government's claim that Mr. Paul incurred a "robbery conviction" in this case, GR at 8, is similarly wrong. Mr. Paul was charged and convicted of two crimes only: murder under 18 U.S.C. § 1111 (Count 1) and § 924(c) (Count 2). *See* § 2255 App., Exh. B. That he was not charged with or convicted of robbery is precisely



Appellate Case: 20-2042 Page: 16 Date Filed: 06/12/2020 Entry ID: 4923898

the point: there was no statute forming the predicate offense.

The Government's argument that "federal robbery offenses, like § 2111, satisfy § 924(c)'s [force] clause because they require proof of 'force and violence' or 'intimidation,' GR at 8-9, similarly fails. Mr. Paul's jury was not instructed that "force *and* violence" were required to establish the "robbery." Instead, they were instructed that "force *or* violence" were required, which was a material difference that did not require violent force. *See* Section A, *supra*. Accordingly, the Government's argument and the authority upon which it relies are irrelevant.

Furthermore, the statutes relied on by the Government have all been dubbed crimes of violence in the context of past judicial analyses of either the statute in question or a statute containing the same language. *See, e.g., Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (relying on precedent to determine that intimidation necessarily meant the threatened infliction of force under federal armed robbery of a controlled substance); *Estell v. United States*, 924 F.3d 1291, 1292-93 (8th Cir. 2019) (same for federal bank robbery and carjacking); *United States v. Jones*, 34 F.3d 596, 601-02 (8th Cir. 1994) (same for federal carjacking); *United States v. Mathijssen*, 406 F.3d 496, 500 (8th Cir. 2005) (same for federal carjacking); *United States v. Jones*, 919 F.3d 1064, 1072 n.3 (8th Cir. 2019) (same for Hobbs Act Robbery); *United States v. Fultz*, 923 F.3d 1192, 1195 (9th Cir.



Appellate Case: 20-2042 Page: 17 Date Filed: 06/12/2020 Entry ID: 4923898

2019) (same for § 2111); *United States v. Shirley*, No. 18-2071, 2020 WL 1845275 (10th Cir. Apr. 13, 2020) (same); *Untied States v. Ben*, 783 Fed. Appx. 443, 443 (5th Cir. 2019) (same).

In contrast, the "robbery" instruction issued to Mr. Paul's jury was not tied to any statute or judicial opinions interpreting a statute. As a result, there is no text or authority demonstrating that violent force – much less the intentional use of that level of force – is a necessary element of this "offense."

### C. The Government's Argument Violates the Categorical Approach.

Relying on *United States v. Becton*, 751 F.2d 250 (8th Cir. 1984), the Government argues that Mr. Paul's § 924(c) conviction is valid because Mr. Paul had "actual notice of the charges." GR at 10-11. The Government also contends that the jury instructions do not support Mr. Paul's claim because the model jury instructions for federal kidnaping and carjacking do not require instructions on the definition of violent force or the of *mens rea* necessary to establish a crime of violence. *Id.* at 11-13. Finally, the Government argues that the jury's "natural understanding" of force as set forth in the jury instructions would have led the jury to surmise that violent force was needed. *Id.* All of these arguments are meritless.

Most fundamentally, the Government ignores the precedent governing a force clause analysis. Force clause determinations are made under the categorical

approach, which requires courts to look solely to the statutory elements of the predicate conviction, presume that the offense "rested upon nothing more than the least of the acts criminalized," by that statute, and determine if the requirements of the force clause have been met. *Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015) (alterations omitted) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1680 (2013); *Descamps v. United States*, 570 U.S. 254, 260-65 (2013). Although courts may "consult a limited class of documents, such as indictments and jury instructions," under the modified categorical approach, *Descamps*, 570 U.S. at 257-58, those documents are only used to determine the elements of that offense for the purposes of the categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2245-46 (2016). The issue is not whether the indictment or the jury instructions were defective, but whether these documents establish the elements of an offense that meets the force clause. As set forth above and in the § 2255 Application, they do not.

For these reasons, the Government's reliance on *Becton* is misplaced. *Becton* addressed whether an indictment placed the defendant on notice of the conduct with which he was charged. *Becton*, 751 F.2d at 256-57. As *Becton* did not involve § 924(c), the categorical approach, the modified categorical approach, or the force clause of any statute, it has no relevance here.

Furthermore, the Government's claim that Mr. Paul "cannot establish any deviation from this Court's pattern instructions on federal robbery" is not true. Both carjacking and bank robbery statutes, and their corresponding model instructions, require takings "by force *and* violence, or by intimidation." *See, e.g.*, 18 U.S.C. §§ 2113(a) and 2119(a) (emphasis added). As set forth *supra*, the instructions given by the trial court required force *or* violence, and failed to define "force" as the knowing or intentional use of violent force under *Johnson (Curtis)*, *Leocol*, and their progeny.

The Government's presumption that the jury "understood" that violent force was required, GR at 12, is similarly invalid. Many robbery offenses involve levels of force insufficient to establish violent force under *Johnson*. *See* 2255 App. at 11-12 (citing cases). To presume that the jury would have *sua sponte* imposed a standard of violent force would render *Johnson (Curtis)* meaningless.

Finally, the Government's argument that Mr. Paul's supposed delay undermines the validity of his claim is meritless. At the time of Mr. Paul's trial, § 924(c) could be satisfied through the residual clause, which was valid at that time but has since been found to be unconstitutionally vague. § 2255 App. at 1-2. It was only after *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated a similarly worded residual clause that the force clause became more significant. So,



Appellate Case: 20-2042 Page: 20 Date Filed: 06/12/2020 Entry ID: 4923892

Mr. Paul's claim is timely.

### D. The "Robbery" Did Not Meet the *Mens Rea* Requirement of the Force Clause.

The Government argues that Mr. Paul's claim fails because he "cannot identify a single instance of federal robbery predicated on reckless driving." GR at 13.

This claim lacks merit for a number of reasons. First, regardless of whether the elements of the "robbery" exclude reckless driving, they do not exclude negligent or reckless conduct and do not satisfy the *mens rea* requirement for the force clause. § 2255 App. at 14. The Government fails completely to respond to this argument. Second, there is no requirement that the defendant cite an example of a conviction under the relevant statute being upheld when physical force was not used, only that the minimum conduct necessary to obtain a conviction for the crime encompass actions that do not include knowing or intentional violent physical force. *See* § 2255 App. at 6-9. Third, Mr. Paul *has* provided numerous examples of robberies and statutes requiring "force or violence" that did not satisfy the force clause. *See* § 2255 App. at 8, 11-12. Finally, the Government's argument is based on its erroneous assertions that § 2111 was the predicate offense. As neither the indictment nor the jury instructions support the Government's position, *see* Section

A, *supra*, the Government's argument is meritless.

### E. Mr. Paul's § 924(c) Conviction Is Invalid Even if § 2111 Was the Predicate Offense.

Even assuming, *arguendo*, that § 2111 was the predicate offense, it would still be invalid. The jury was not instructed on the elements of § 2111 regarding the use of force, but only told that force *or* violence must be used. As this deviated from the elements of the statute and the instruction given made clear that *violent* force was not required, *see* Section A, *supra*, Mr. Paul's § 924(c) conviction cannot be sustained.

Additionally, as discussed *supra*, the force clause is not met if the offense does not exclude the "mere snatching of property," any other use of force that is not violent force, or force that is negligently or recklessly applied. Nothing in the statutory language of § 2111 precludes this conduct from forming the basis for a § 2111 conviction so long as it occurred in the necessary jurisdiction. Although this Court has found carjacking and bank robbery to be crimes of violence that also require "force and violence, or [] intimidation," *see* Section B, *supra*, crimes of violence determinations are based on the language of the statute and the precedent interpreting it. *See* 2255 App. at 15. The use of force in a taking that happens to have occurred in a federal jurisdiction is far more indicative of a mere snatching of

property than a bank robbery or a carjacking.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in his § 2255 Application, Mr. Paul respectfully requests that his application be granted and that he be authorized to file a successive § 2255 motion in the District Court.

Respectfully Submitted,

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Federal Community Defender
Office for Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Petitioner

Dated: June 12, 2020

## CERTIFICATION REGARDING WORD COUNT

I, Shawn Nolan, hereby certify that, according to the word count feature of the word processing program used to generate this document, this Reply contains 2595 words, which complies with the word limitations set forth by Fed. R. App. P. 27(d)(2)(C) for a reply in support of a motion.

/s/ Shawn Nolan
Shawn Nolan